UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| BEVERLY LANE DEXTER, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 6:11-CV-04019-LSC |
| | ] |
| AMEDISYS HOLDING, LLC, ET AL., | ] |
| | ] |
| Defendant. | ] |
| | ] |

MEMORANDUM OF OPINION

I.  Introduction

Before this Court is Defendant's Partial Motion to Dismiss Plaintiff's Second Complaint, pursuant to FRCP Rule 12(b)(6). (Doc. 38). Amedisys Home Health of Alabama, Inc. ("Defendant") seeks to dismiss Beverley Lane Dexter's ("Plaintiff") claim of hostile work environment under the Age Discrimination in Employment Act of 1967 ("ADEA") asserted in Count One of the Second Amended Complaint and her ADEA retailitation claim in Count Two. In the alternative, Defendant asks for a more definite statement from Plaintiff, pursuant to FRCP 12(e). Plaintiff opposes the motion in part but agrees that her claim for punitive damages should be dismissed.

II.  Analysis

When considering a Rule 12(b)(6) motion to dismiss, a district court "accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dept of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). However, to survive a motion to dismiss, the complaint must contain sufficient factual allegations on its face to make a claim for relief plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). While the Federal Rules of Civil Procedure (the "Rules") only require "a short plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the plausibility standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Instead, the factual allegations "must be enough to raise a right of relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Sinaltrainal v. Coco-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Twombly*, 566 U.S. at 555) (internal citations and emphasis omitted in

original).

Defendant first contends that the Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination (the "Charge") does not allege any claims of hostile work environment or retaliation and therefore Counts I and II must be dismissed. (Doc. 38 at 7.) Before a plaintiff can bring a claim under the ADEA, she first must file an EEOC charge at least 60 days before filing suit, as required by 29 U.S.C. § 626(d). There is no dispute that Plaintiff filed her EEOC charge in a timely manner. However, Defendant claims that Plaintiff's EEOC charge is factually insufficient to support the claims in Count I and II of her Second Amended Complaint. (Doc. 38.)

In her EEOC charge, Plaintiff marked the box labeled "age" discrimination and stated that she was "constructively discharged" and replaced by a "younger male." (Doc. 21-1 at 1.) She did not mark the box for "retaliation," but she did allege that her discharge was after she "spoke out about changes the employer was implementing." (*Id.*) While she does not explicitly state so in her charge, Plaintiff asserts that she intended to argue that the changes she complained about were intentionally enacted to have a disperate impact on older workers. (Doc. 32 ¶ 15.)

"[A] plaintiff's judicial complaint is limited by the scope of the EEOC

investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Department of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotes omitted). As long as facts are reasonably present in the charge for the EEOC to conduct an investigation, this Court need not bar any claims simply because the Plaintiff did not check all of the proper boxes on the EEOC charge. *See Gregory*, 355 F.3d at 1280 (discussing the purpose of an exhaustion of administrative remedies requirement and determining that it was proper to allow a plaintiff to proceed on with a similar EEOC charge).[1] In her EEOC charge, Plaintiff mentions a "younger" replacement, that she was often reprimanded following her complaints, and that she was constructively discharged. (Doc. 1-1 at 1.) This is sufficient information to prompt the EEOC to investigate her retaliation and hostile work environment claims.

Defendant next contends that Plaintiff failed to plead adequate facts in her complaint to support her hostile work environment claim. A plaintiff alleging a hostile work environment must allege: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome harassment; (3) that the harassment must have been

---

[1] This case discusses an EEOC charge in relation to a Title VII claim, but the standard for an EEOC charge should be the same regardless of the type of discrimination alleged, especially since the rationale behind a requiring an EEOC charge is the same for all types of discrimination.

based on a protected characteristic of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment. *Miller v. Kentworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). For age discrimination, the protected group is people between the ages of 40 and 70 years old. *Mitchell v. Worldwide Underwriters Ins. Co.*, 967 F.2d 565, 566 (11th Cir. 1992).

In her complaint, Plaintiff alleged sufficient facts to support her hostile work environment claim. First, Plaintiff plead that she was 45 at the time of the alleged discrimination. (Doc 28-1 at 3.) Second, she explained that she was the victim of unwelcome harassment by alleging that the similarly-situated younger employees received "better treatment, more patient visits (which result[ed] in greater pay), better working conditions, less criticisms, and were not required to report schedules . . . to different persons daily." (Doc. 28-1 at 6.) Third, Plaintiff alleged that the harassment was based on her age, pointing out that the employees who were treated differently than her were also white females but were not older than 40. (Doc. 28-1 at 3.) Fourth, Plaintiff plead that the employer was "putting economic pressure on Plaintiff to quit" by reducing her patients. (Doc. 28-1 at 5.) Finally, Plaintiff has alleged that the

employer was responsible for these actions. (Doc. 28-1 at 5.) As Plaintiff has set forth the minimum required allegations, Defendant's motion to dismiss this claim is due to be denied.

Finally, Defendant contends that Plaintiff has failed to state an actionable claim for retaliation. (Doc. 38 at 12.) " In order to state claims for discriminatory retaliation, a plaintiff must present evidence that: (1) he engaged in statutorily protected conduct; (2) he was adversely affected by an employment decision; and (3) there was a causal connection between the statutorily protected conduct and the adverse employment decision." Drago v. Jenne, 453 F.3d 1301, 1307 (11th Cir. 2006). Plaintiff alleges that the adverse treatment started after she complained about changes to the company's 401(k) plan and annual cost of living raises. (Doc 28-1 at 4.) At his point, the court must make all reasonable inferences in favor of Plaintiff. It is plausible that the changes to the 401(k) plan were discriminatory towards older workers as older workers have larger incomes and would be retiring sooner. Cost of living raises are often percentage based and would put a larger burden on those with larger incomes, i.e., the older workers. Since Plaintiff has satisfied the minimum pleading requirements, Defendant's motion to dismiss the retaliation claim is due to be denied.

In the alternative, Defendant has requested that this Court order Plaintiff to

provide a more definite statement. In the court's opinion, Plaintiff has given Defendant adequate facts for this stage of pleading. As such, Defendant's request for a more definite statement is denied.

III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is due to be GRANTED in part and DENIED in part. Defendant's Motion to Dismiss Plaintiff's claim for punitive damages is due to be GRANTED. Defendant's Motion to Dismiss Plaintiff's claims of hostile work environment and retaliation under the ADEA is due to be DENIED. A separate order will be entered consistent with this Opinion.

Done this 5th day of December 2012.

_____

L. SCOTT COOGLER

UNITED STATES DISTRICT JUDGE

171032