# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| BEVERLY LANE DEXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 6:11-cv-04019-LSC |
| | ) | |
| AMEDISYS HOME HEALTH, INC. OF ALABAMA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's Scheduling Order entered on May 30, 2012 (Doc. 18). Defendant Amedisys Home Health, Inc. of Alabama ("Amedisys") and Plaintiff Beverly Lane Dexter ("Dexter") hereby jointly submit the parties' status report:

**I.  NARRATIVE STATEMENT OF THE CASE.**

This is an age discrimination case under the Age Discrimination in Employment Act ("ADEA") arising out of Dexter's separation from employment with Amedisys. Dexter contends she was treated less favorably than similarly situated, younger employees. Dexter contends Amedisys retaliated against her for making complaints about the changes to the company's 401(k) plan and the

decision not to provide salary increases in 2011.  Dexter contends she received write-ups, was harassed, and was constructively discharged.

Amedisys denies age or retaliation was a factor in any employment decision concerning Dexter.  Rather, Dexter was counseled and received written warnings for her failure to follow Amedisys' policies and for legitimate non-discriminatory and non-retaliatory reasons.  Amedisys denies Dexter was treated less favorably than similarly situated employees outside of her protected class and denies that any similarly situated employee engaged in the same conduct as Dexter.  Moreover, Amedisys contends Dexter did not engage in any protected conduct under the ADEA.  Amedisys contends Dexter was not subject to discrimination or retaliation and was not constructively discharged, but voluntarily resigned her employment.

## II.    UNDISPUTED MATERIAL FACTS.

1.     Amedisys Home Health, Inc. of Alabama is a leading provider of high-quality, low-cost home health care and hospice services to the chronic, co-morbid, aging American population, with agencies located across the United States and Puerto Rico.

2.     Amedisys' home health and hospice agencies deliver a wide range of services in the homes of individuals who may be recovering from surgery, have a chronic disease or disability or terminal illness and need assistance with the essential activities of daily living.

3. Amedisys has a written policy advocating equal employment opportunities within the organization and a strict policy prohibiting all forms of illegal discrimination and harassment in the workplace, including (among other things) discrimination based on age. These policies are contained in the Amedisys Employee Handbook.

4. In addition to strictly prohibiting discrimination, Amedisys' employment policies provide that any complaints of harassment or discrimination will be promptly investigated. Pursuant to that procedure, individuals who are found to have engaged in prohibited discriminatory behavior are subjected to disciplinary action up to and including termination.

5. Dexter confirmed her ability to access the Handbook which contains these policies on February 27, 2009.

6. On or about February 23, 2009, Dexter, was hired by Amedisys as a Licensed Physical Therapy Assistant ("LPTA") at the Amedisys agency in Fayette, Alabama.

7. Dexter was 43 years of age at the time she was hired.

8. As an LPTA, Dexter was responsible for carrying out the physical therapy treatment, implementation and documentation of patient status for home health patients under the direction of the registered physical therapist.

9. Traci Ferguson ("Ferguson") was the Fayette facility's Director of Operations ("DOO").

10. On April 25, 2011, Boyles verbally counseled Dexter for unscheduled visits that were out of frequency for patients; Dexter had visited two patients three times in a week.

11. The April 25, 2011, counseling did not result in any loss of pay for the Dexter or any loss of position or status at Amedisys.

12. On April 27, 2011, Boyles again verbally counseled Dexter.

13. The April 27, 2011, counseling did not result in any loss of pay for the Dexter or any loss of position or status at Amedisys.

14. On May 18, 2011, Boyles met with Dexter informally and discussed part of the visits that she had missed and/or moved. Boyles documented his part of the conversation with Dexter.

15. On May 23, 2011, Dexter received a first written warning from Amedisys for absences, rescheduling visits, and untimely paperwork.

16. The May 23, 2011, counseling form included an Action Plan which required the following of Dexter: (1) no further absences or tardiness in the 2nd Quarter; (2) paperwork turned in by 10:00 am daily; (3) no weekend visits unless approved by the DOO; (4) daily call-ins to Boyles to make schedule changes; (5)

no more than seven visits in a day and each visit must be at least 45 minutes; and (6) no more excessive moving of visits.

17.     Ferguson met with Dexter again on May 27, 2011, and provided her a second written warning.

18.     The May 27th warning presented Dexter with another Action Plan for Improvement, and follow-up was scheduled for June 13, 2011.

19.     On May 27, 2011, Dexter submitted her letter of resignation. At that time, Dexter was 45 years old.

### III.  PLAINTIFF'S CLAIMS.

1.     Plaintiff is a white female whose age was 45 years of age and whose date of birth September 23, 1965 at the time of termination.  She began working for Defendant, AMEDISYS HOLDING LLC on or about February, 2009 as a full-time employee.

2.     During the time she worked for Defendant, AMEDISYS HOLDING LLC and supervised by Traci Ferguson and a certified physical therapist. Plaintiff was consistently subjected to discriminatory remarks, disparate treatment, and subject to direct discrimination and treated differently than other similarly situated female white employees who were younger.

3. During the time of employment and up until I complained about the 401 (k) plan and mileage, Plaintiff had no write-ups, no disciplinary actions or any problems with attendance. After she complained, then she received write-ups.

4. During her employment, Defendant AMEDISYS HOLDING, LLC through their agents would treat other younger individuals better than me and was constructively terminated to make room for a younger male that was less qualified than Dexter.

5. Defendant AMEDISYS HOLDING LLC allowed other similarly situated younger individual employees to receive the better treatment and freedom than me. I would receive punishment for same offenses as younger individuals including the younger male who replaced her, of the same alleged offenses. Defendant treated the Plaintiff different than other similarly situated younger employees and was replaced by a younger individual that was less qualified than Dexter.

6. A few days before the Plaintiff was written up, the Defendant interviewed a younger male for her position and territory. Then the Defendant, AMEDISYS HOLDING LLC wrote Dexter up and constructively terminated her and then hired the younger male individual. Upon information and belief, Plaintiff's duties were assigned to a male employee who was a younger individual.

7. Defendant was discharged via constructive termination Plaintiff because of her age in violation of ADEA. Defendant reduced the visits which resulted in less income in an effort to pressure Plaintiff into quitting. Plaintiff's job was posted to find a replacement and Plaintiff's replacement was interviewed before Plaintiff was written up and constructively terminated. Plaintiff disputed the basis for her write-ups.

## IV. DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIMS AND AFFIRMATIVE DEFENSES.

### A. Defendant's Response to Plaintiff's Claims.

Dexter cannot establish her age was the sole reason for any alleged adverse employment action. *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 177-78, (2009). Amedisys hired Dexter when she was forty-three (43) years of age. After receiving two written warnings two (2) years later, Dexter resigned her employment. Common sense dictates that Amedisys did not harbor any discriminatory bias against Dexter or it would not have hired her. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1208 (9th Cir. 2008) (noting that "[t]he temporal proximity between [Plaintiff's] hiring and layoff also makes it unlikely that age later developed as the reason for the discharge[ ]").

In addition, Dexter was not subjected to any adverse employment action or to any adverse treatment in terms and conditions of employment. Dexter

voluntarily resigned her employment; she was not terminated. Dexter was not constructively discharged as she was not subject to any discrimination based on her age or retaliation due to protected activity and was not subjected to working conditions so unbearable that a reasonable person in her position would have felt compelled to resign. *Griffin v. GTE Fla., Inc.*, 182 F.3d 1279, 1283 (11th Cir. 1999)("To prove a constructive discharge, a plaintiff must demonstrate that working conditions were so intolerable that a reasonable person in her position would have been compelled to resign."). Amedisys denies Dexter's job was posted or that it interviewed or hired a replacement for her position before Dexter submitted her letter of resignation.

Prior to her resignation, Dexter received verbal counseling and written warnings. However, the counseling and written warnings did not adversely affect Dexter's job title, duties or pay. Thus, Dexter was not subjected to any materially adverse employment action prohibited by the ADEA. *See* 29 U.S.C. § 623(a)(1) (stating that it is unlawful "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.").

Dexter cannot demonstrate she was treated less favorably than any similarly situated employee outside of her protected class. *Horn v. United Parcel Servs.*, Inc., No. 10-13915, 433 Fed. Appx. 788, 2011 U.S. App. LEXIS 13973, 2011 WL

2650858, at *3 (11th Cir. July 7, 2011) (citing *Nix v. WLCY Radio/Rahall Comm'ns*, 738 F.2d 1181, 1185-86 (11th Cir.1984). Dexter's only two (2) comparators, Elkins and Robinson, were both over forty (40) and just a few years younger than Dexter. Even if Elkins and Robinson were substantially younger, which they are not, Dexter cannot show they engaged in similar misconduct, such as attendance issues, excessive rescheduling of patient visits, failing to timely provide paperwork, and failing to provide and to document proper care.

Dexter also cannot establish any purported claim for hostile work environment. Dexter cannot demonstrate she was subjected to unwanted harassment based upon her age or that the alleged harassment affected a "term, condition, or privilege" of employment, in that it was sufficiently severe or pervasive to alter the condition of her employment and create an abusive working environment. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1244 (11th Cir. 1999 (*en banc*), cert. denied, 529 U.S. 1068 (2000). A hostile work environment is only established in the case of a workplace that is "permeated with discriminatory intimidation, ridicule and insult," not where there is the "mere utterance of an epithet." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23 (1993). No evidence exists to show anyone at Amedisys made any discriminatory remarks to Dexter about her age, much less that she was subjected an environment permeated with discriminatory intimidation or ridicule.

Even if Dexter could establish a claim for hostile work environment, which she cannot, Amedisys cannot be held liable as Dexter unreasonably failed to take advantage of Amedisys' corrective and preventative measures. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275 (1998). She did not complain of age-based discrimination or harassment prior to her termination and failed to address her complaints to the proper personnel under Amedisys' anti-harassment policy. Thus, Dexter cannot prevail on her purported hostile work environment claim.

Dexter cannot establish a claim for retaliation under the ADEA. Dexter's protected conduct consists of complaints about a decrease in the employer match contribution to employee 401(k) plans and about mileage reimbursement. Dexter did not complain to anyone at Amedisys about age discrimination prior to her termination. As she did not engage in protected conduct, Dexter cannot establish an ADEA retaliation clam. *Drago v. Jenne*, 453 F.3d 1301, 1307 (11th Cir. 2006).

Even if Dexter could establish a prima facie case of discrimination or retaliation, Amedisys has legitimate, non-discriminatory and non-retaliatory reasons for any alleged adverse employment action. *Chapman v. AI Transport*, 229 F.3d 1012, 1037 (11th Cir. 2000). Dexter was counseled and received written warnings for her violations of Amedisys' policies and procedures. Dexter did not provide timely paperwork as required by her supervisor, was frequently absent

from or tardy to work, rescheduled numerous patient visits, had an excessive number of missed visits, and failed to provide proper treatment to a patient and, according to her own admission, to document the care she provided. Dexter cannot demonstrate these reasons are a pretext for a discriminatory or retaliatory motive. *See id*. 229 F.3d at 1037 (explaining that the plaintiff must present evidence that each of the employer's legitimate, nondiscriminatory reasons is pretextual to avoid summary judgment).

    B.    **Defendant's Affirmative Defenses.**

    1.    Dexter has raised claims which are not like or related to her charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), so she cannot pursue such claims in this action under the ADEA as she failed to satisfy the required conditions precedent. 29 U.S.C. § 626(d); *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000); *Ramon v. AT&T Broadband*, 195 Fed. Appx. 860, 866 (11th Cir. 2006). Specifically, Dexter did not include any claims or allegations relating to her hostile work environment or adverse terms and conditions claims in her EEOC Charge.

    2.    To the extent Dexter is asserting a hostile environment claim, which Amedisys denies occurred, Amedisys avers that it exercised reasonable care to prevent and correct promptly any discriminating behavior; and that the Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities

provided by Defendant, or to otherwise avoid harm. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998).

3. Amedisys' actions were not willful so Plaintiff is not entitled to recover liquidated damages. 29 U.S.C. § 626(b); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128-29.

4. Dexter has raised claims which are not like or related to her charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), so she cannot pursue such claims in this action under the ADEA as she failed to exhaust her administrative remedies. 29 U.S.C. § 626(d); *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000); *Ramon v. AT&T Broadband*, 195 Fed. Appx. 860, 866 (11th Cir. 2006). Specifically, Dexter did not include any claims or allegations relating to her hostile work environment or adverse terms and conditions claims in her EEOC Charge.

5. Dexter's damages are limited to the extent that she has failed or refused to mitigate her damages. To the extent Dexter has mitigated her damages, Amedisys is entitled to an off-set. *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231-32, (1982).

6. To the extent that Dexter can show she was subjected to an adverse employment action, which she cannot, such actions were made on the basis of

legitimate, non-discriminatory and non-retaliatory factors. *Chapman v. AI Transport*, 229 F.3d 1012, 1037 (11th Cir. 2000).

7. Even if Dexter could prove intentional discrimination, which Amedisys denies, Amedisys would demonstrate that it would have taken the same employment actions in the absence of any unlawful motivating factors. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1270 (11th Cir. 2001).

8. Amedisys affirmatively has made a good faith effort to comply with all federal and state laws. 29 U.S.C. § 623(a)(1); 29 U.S.C. § 626(b).

9. Defendant denies that Plaintiff's age or any other impermissible factor played any role with respect to any employment decision, practice, or term or condition of employment complained of by Plaintiff. 29 U.S.C. § 623(a)(1).

10. This action is not maintainable under the ADEA with respect to any event or alleged event occurring more than 180 days prior to the filing of the EEOC charge upon which this action is based. 29 U.S.C. § 626(d); *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000).

11. Plaintiff has failed to satisfy the conditions precedent to maintaining some of the claims in this action. 29 U.S.C. § 626(d); *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000).

12. Some of Plaintiff's claims fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b) (6); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1244

(11th Cir. 1999 (*en banc*), cert. denied, 529 U.S. 1068 (2000); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993); *Griffin v. GTE Fla., Inc.*, 182 F.3d 1279, 1283 (11th Cir. 1999); *Davis v. Town of Lake Park, Florida*, 245 F.3d 1232, 1238-39 (11th Cir. 2001); *Grimsley v. Marshalls of MA, Inc.*, 284 Fed. Appx. 604, 609 (11th Cir. 2008).

13. Plaintiff's Complaint violates Rule 10(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(b).

14. Some of Plaintiff's claims are not the subject of a timely filed charge of discrimination. 29 U.S.C. § 626(d); *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000).

15. Some of the actions alleged in the Complaint are not adverse actions under the ADEA. *Davis v. Town of Lake Park, Florida*, 245 F.3d 1232, 1238-39 (11th Cir. 2001); *Grimsley v. Marshalls of MA, Inc.*, 284 Fed. Appx. 604, 609 (11th Cir. 2008); *Clark v. Potter*, 232 Fed. Appx. 895 (11th Cir. 2007).

16. Plaintiff has failed to plead special damages with specificity as required by the Federal Rules of Civil Procedure; therefore, she is barred from any recovery of special damages.

17. Some of Plaintiff's claims are barred by the applicable statute of limitations. 29 U.S.C. § 626(d); *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000).

18. Plaintiff has not engaged in any statutorily-protected activity. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1271 (11th Cir. 2008).

19. Plaintiff's claims under the ADEA fail because she cannot establish that her age or any unlawful retaliation was the "but for" reason for her discharge or the other adverse actions alleged. *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 177-78 (2009).

20. Plaintiff cannot establish a *prima facie* case of discrimination or retaliation. 29 U.S.C. § 623(a).

21. Plaintiff was not subjected to an adverse terms and conditions of her employment. *Davis v. Town of Lake Park, Florida*, 245 F.3d 1232, 1238-39 (11th Cir. 2001).

Respectfully submitted this the 15th day of March, 2013.

s/Tim R. Wadsworth  
TIM R. WADSWORTH  
Attorney for Plaintiff

s/Wesley C. Redmond  
WESLEY C. REDMOND  
RACHEL V. BARLOTTA  
Attorneys for Defendant